ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2016 MAR 11 PM 2:39

CLERK C. Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| SHAUN BROWN, ANTRON KELLAM, FRANKLIN CLARK, RODNEY CLARK, CHRISTOPHER TOBLER, and LETITIA SANDERS, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CIVIL ACTION NO. 316-005 |
| TELFAIR COUNTY SHERIFF DEPARTMENT and JOHNNY SMITH in his official capacity and individually, | * * * * * | |
| Defendants. | * | |

**O R D E R**

On January 15, 2016, this case with claims under 42 U.S.C. § 1983 was removed to this Court. On that same day, Defendants filed a motion to dismiss all claims except for a federal malicious prosecution claim against Defendant Johnny Smith in his individual capacity. Defendants also filed an answer to the complaint.

Plaintiffs did not file a timely response to the motion to dismiss. Rather, they filed a "Notice of Voluntary Dismissal Without Prejudice" on February 24, 2016, which the Clerk of Court docketed as a motion to dismiss. Defendants have objected to Plaintiffs' voluntary dismissal to the extent that it seeks an order dismissing the case without imposing

conditions upon Plaintiffs' ability to refile the same case. Defendants argue that they have paid the removal fee and expended significant time and resources preparing the motion to dismiss and the answer; thus, they will suffer significant practical prejudice if Plaintiffs are simply allowed to dismiss the case and refile it.

Federal Rule of Civil Procedure 42(a)(2) provides that after an answer is filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Thus, a voluntary dismissal without prejudice under this rule is not a matter of right. <u>Fisher v. Puerto Rico Marine Mgmt.</u>, 940 F.2d 1502, 1502-03 (11th Cir. 1991).

In this case, allowing dismissal will not cause Defendants clear legal prejudice other than the prospect of a refiled action. See <u>Pontenberg v. Boston Scientific Corp.</u>, 252 F.3d 1253, 1255 (11th Cir. 2001) (explaining that when determining whether to dismiss a case under Rule 41(a)(2), the court should consider whether a defendant would "lose any substantial right by the dismissal"). Moreover, all parties agree that the case should be dismissed. However, the dismissal is conditioned upon the requirement that should any Plaintiff choose to re-file this action in any court, the Plaintiff(s) bringing the re-filed action shall pay Defendants' costs incurred in this action, which may include

2

Defendants' reasonable attorney's fees.

Upon the foregoing, Plaintiffs' motion for a voluntary dismissal (doc. no. 8) is **GRANTED** on the condition stated above. Defendants' motion to dismiss in part (doc. no. 6) is **DENIED AS MOOT**. On the condition stated herein, this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to close this case.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE